**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**SOUTHERN DIVISION**

**UNITED STATES OF AMERICA**

**v.** **CRIMINAL NO. 1:25-cr-141-TBM-RPM**

**CRESHUNE POLK**

**ORDER**

This Court referred the issue of Defendant Creshune Polk's competency to stand trial to United States Magistrate Judge Robert P. Myers for a hearing and a report and recommendation. Judge Myers held a competency hearing on July 13, 2026. Now before the Court is a Report and Recommendation [31] of United States Magistrate Judge Robert P. Myers regarding Defendant Creshune Polk's competency to stand trial. Judge Myers recommends, pursuant to 18 U.S.C. § 4241(d), that Polk be committed to the custody of the Attorney General who shall place Polk in an appropriate facility for mental health treatment and/or evaluation. No objections to the Report and Recommendation have been made, and the time for filing objections has expired.

"When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." FED. R. CIV. P. 72(b) advisory committee's note to 1983 addition (citations omitted); *see Casas v. Aduddell*, 404 F. App'x 879, 881 (5th Cir. 2010) ("When a party fails timely to file written objections to the magistrate judge's proposed findings, conclusions, and recommendation, that party is barred from attacking on appeal the unobjected-to proposed findings and conclusions which the district court accepted, except for plain error") (citing *Douglass v. United Serv. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir.

1996) (en banc); 28 U.S.C. § 636(b)(1)). Having considered Judge Myers' Report and Recommendation, the Court finds that it is neither clearly erroneous nor contrary to law.

IT IS ORDERED that the Report and Recommendation [31] entered by United States Magistrate Judge Robert P. Myers on July 13, 2026, is ADOPTED as the opinion of the Court.

IT IS FURTHER ORDERED that pursuant to 18 U.S.C. § 4241(d), the Defendant be committed to the custody of the Attorney General who shall place the defendant in an appropriate facility for mental health treatment and/or evaluation,

(1) for such reasonable period of time, not to exceed four months, after such treatment/evaluation has begun, as is necessary to determine whether there is a substantial probability that in the foreseeable future the defendant will attain the capacity to permit the proceedings to go forward, and

(2) for an additional reasonable period of time until his mental condition is so improved that trial may proceed, if the court finds there is substantial probability that within such additional period of time, he will obtain the capacity to permit the proceedings to go forward, or the proceedings against him are disposed of according to law, whichever is earlier, and otherwise consistent with §4241(d), (e), and (f).

IT IS FURTHER ORDERED that pursuant to Title 18, United States Code, Section 4241(e), that if the director of the facility in which the Defendant is hospitalized determines that the Defendant has recovered to such an extent that he is able to understand the nature and consequences of the proceedings against him and to assist properly in his defense, the director shall promptly file a certificate to that effect with the Clerk of Court, who shall send a copy of the

certificate to counsel for the parties. Thereafter the Court shall set a hearing to determine Defendant's competency in accordance with 18 U.S.C.§§ 4247(d) and 4241(e).

IT IS FURTHER ORDERED that within four months of the Defendant's placement at the treating facility, that the treating facility shall provide the Court a report as to the defendant's mental condition, which report may contain a request to hospitalize the defendant for an additional reasonable period of time if, there is substantial probability that within such additional period of time he will obtain the capacity to permit the proceedings to go forward.

IT IS FURTHER ORDERED that pursuant to 18 U.S.C. §§ 4242(a) and 4247(b-c), that the treating facility shall also provide a report concerning the Defendant's mental state at the time of the alleged offense.

IT IS FURTHER ORDERED that the period of time between the date the Defendant made his original Motion to Determine Competency, and the date on which the Court finally determines Defendant's competency to stand trial, shall be a period of excludable delay under 18 U.S.C. §§ 3161(h)(1)(A), (F), and (H).

This, the 21st day of October, 2026.

TAYLOR B. McNEEL
UNITED STATES DISTRICT JUDGE